IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


VISION HEALTHCARE SYSTEMS     )
(INTERNATIONAL) PTY, LTD.        )
                                        )
v.                                     ) NO. 3-15-0175
                                     ) JUDGE CAMPBELL
VISION SOFTWARE TECHNOLOGIES  )
INC.                                  )


MEMORANDUM


Pending before the Court is Plaintiff's Motion to Stay and Compel Arbitration (Docket No. 12). For the reasons stated herein, Plaintiff's Motion is GRANTED. This action is STAYED, and the parties are ordered to participate in arbitration.

FACTS

This action arises from an Agreement between the parties whereby Plaintiff, an Australian corporation, agreed to market, distribute and license the software of Defendant, a Tennessee corporation, and provide support for its use throughout the world. Each party claims the other party has breached that Agreement.

Plaintiff asserts that, consistent with an arbitration provision in the Agreement, Plaintiff presented Defendant with a written demand for arbitration, to which Defendant failed to respond. Plaintiff then filed this action, to which Defendant filed an Answer and Counterclaim. Plaintiff has now moved to compel arbitration in accordance with the Agreement, which provides:

> The Parties agree that arbitration shall constitute the sole and exclusive means for the settlement of any dispute or controversy concerning this Agreement or the rights of the Parties under this Agreement, including whether or not any such dispute is arbitrable. Any Party desiring to exercise its rights pursuant to this Section shall deliver a written demand for arbitration to the other Party, setting out the basis of the

dispute or controversy to be arbitrated. The arbitration shall take place in Nashville, Tennessee, United States of America, before one arbitrator.

The decision of the arbitrator, including the determination of the amount of any damages suffered, if any, shall be conclusive, final, and binding upon all of the Parties, their heirs, executors and shareholders, as applicable. Judgment upon the decision of the arbitrator may be entered in any court of competent jurisdiction. The cost of such arbitration shall be borne by the non-prevailing Party (as determined by the arbitrator).

Docket No. 1-1, ¶ 22. Plaintiff has asserted that Defendant drafted the Agreement, including the arbitration provision.

Defendant argues that Plaintiff's Motion should be denied because: (1) the arbitration provision is too indefinite to be enforced; (2) the arbitrator cannot be appointed by the Court; (3) Plaintiff repudiated the arbitration provision of the Agreement; and (4) not all the claims in this action are subject to arbitration.

ARBITRATION

The Federal Arbitration Act ("FAA") was enacted in 1925 in response to widespread judicial hostility to arbitration agreements. *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1745 (2011). The FAA states that arbitration provisions "shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id.*; 9 U.S.C. § 2.[1]

The parties agree that because this Agreement involves an Australian entity and an American entity, the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral

---

[1]     The language of the arbitration agreement must be viewed in light of the strong federal policy in favor of arbitration. *Wilks v. Pep Boys*, 241 F.Supp.2d 860, 863 (M.D. Tenn. 2003). Any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration. *Id.*

Awards ("the Convention"), as set forth in Chapter 2 of the FAA, applies. "The goal of the Convention, and the principal purpose underlying [the United States'] adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Commissions Import Export S.A. v. Republic of the Congo*, 757 F.3d 321, 326-27 (D.C. Cir. 2014). Thus, in this field of international commerce, the presumption in favor of arbitration was strengthened by the Convention. *Tennessee Imports, Inc. v. Filippi*, 745 F.Supp. 1314, 1321 (M.D. Tenn. 1990).[2]

The language of the Convention contemplates a very limited inquiry by the courts in determining the enforceability of arbitration clauses found in international commerce agreements. *Tennessee Imports*, 745 F.Supp. at 1321. In making this determination, the Court must address four questions:

(1) Is there an agreement in writing to arbitrate the subject of the dispute?

(2) Does the agreement provide for arbitration in the territory of a signatory country?

(3) Does the agreement arise out of a legal relationship, whether contractual or not, which is considered to be commercial?

(4) Is a party to the contract not an American citizen or does the commercial relationship have some reasonable relation with one or more foreign states?

---

[2]     An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract or agreement described in 9 U.S.C. § 2, falls under the Convention. 9 U.S.C. § 202; *Tennessee Imports*, 745 F.Supp. at 1321.

*Id*. at 1321-22. There appears to be no dispute as to the second, third and fourth questions here, as the agreement provides for arbitration in the United States, it arises from a legal relationship which is commercial, and one of the parties is not an American citizen.

In addressing the first question, the Court must determine whether the arbitration provision is broad or narrow. *Tennessee Imports*, 745 F.Supp. at 1322. If the provision is broad and arguably encompasses the parties' disputes, the Court should permit the arbitrator to decide whether the dispute falls within the provision. *Id.* If the provision is narrow, arbitration should not be compelled unless the Court determines that the dispute falls within the provision. *Id.*

The arbitration provision at issue herein is broad. The provision states that arbitration shall constitute the sole and exclusive means for the settlement of any dispute or controversy concerning this Agreement or the rights of the Parties under this Agreement, including whether or not any such dispute is arbitrable. The Court finds that the arbitration provision arguably encompasses the parties' disputes herein. As noted above, each party alleges that the other breached the Agreement. The issues arising from the Agreement and the parties' rights under it are arguably covered by the arbitration provision. Pursuant to the Agreement, it will be up to the arbitrator to determine, with each issue, whether that issue is arbitrable.

## DEFENDANT'S OBJECTIONS

With regard to Defendant's first objection, the Court finds that this arbitration provision is sufficiently definite to be enforced. Defendant avers that the arbitration provision fails to designate any arbitration service under whose rules an arbitration might be conducted, fails to designate an arbitrator, and fails to specify how an arbitrator would be chosen. Yet Defendant does not dispute that any arbitration must be governed by Chapter 2 of the FAA (under whose rules an arbitration

may be conducted). The Agreement provides that the arbitration must be in Nashville, Tennessee, and must be before one arbitrator, whose decision shall be conclusive, final, and binding upon the parties.

Defendant's citation to *Floss v. Ryan's Family Steakhouse* is not persuasive. In *Floss*, the arbitration agreement was between employees and a third party arbitration service, not the employer. Potential employees were required to sign the agreement, which provided that the employees would submit any dispute they had with their employer to arbitration with the third party and the third party promised to provide an arbitral forum. *Floss*, 211 F.3d 306, 315 (6th Cir. 2000). In finding that the third party's promise to provide an arbitral forum was fatally indefinite, the court held that the third party had "unfettered discretion" in choosing the nature of that forum and any rules and procedures which might apply to the dispute. *Id*. at 315-16. In other words, the promise of the third party was too indefinite for legal enforcement. *Id*.

In this case, both parties agreed to arbitration. Neither side has unfettered discretion to unilaterally choose anything about that arbitration. Viewing the provision in favor of arbitration as required, the Court finds that the arbitration provision is not fatally indefinite or illusory, and it should be enforced.

With regard to whether the Court may appoint an arbitrator, Defendant argues that Section 206 of the FAA states that the Court may appoint arbitrators "in accordance with the provisions of the agreement," and there are no provisions of this Agreement which apply. 9 U.S.C. § 206. Section 5 of Chapter 1 of the FAA provides that if no method is provided in the agreement, the court can designate and appoint an arbitrator who shall act under the agreement with the same force and effect as if he or she had been specifically named therein. 9 U.S.C. § 5. Defendant contends, however,

that Section 208 precludes the Court's use of Section 5 in this instance. Section 208 states that Chapter 1 applies to actions and proceedings brought under the Convention (Chapter 2) to the extent that Chapter 1 is not in conflict with the Convention (Chapter 2). 9 U.S.C. § 208.

On this issue, the Court agrees with the court in *Jain v. Courier de Mere*, 51 F.3d 686, 692 (7th Cir. 1995), which held that Section 208 does not prevent the court from naming an arbitrator where the arbitration agreement leaves that issue unaddressed. Noting that the Convention was designed to increase the ability of district courts to compel arbitration in international commercial cases, and in keeping with that purpose and the strong presumption in favor of arbitration in the sphere of private international law, the *Jain* court stated that, where an agreement leaves the issue unaddressed, Section 5 in no way conflicts with Section 206 on the appointment of arbitrators. *Id.*[3] This Court agrees and finds that here, where the arbitration agreement fails to specify an arbitrator, Section 5 (9 U.S.C. § 5) applies.

Next Defendant argues that Plaintiff has repudiated the Agreement by filing this action rather than arbitrating the dispute. Defendant contends that Plaintiff breached the Agreement by filing this lawsuit without seeking arbitration; but Plaintiff *did* seek arbitration, through a written demand upon Defendant. This is not a case of a party arguing against arbitration or refusing to arbitrate and then changing its mind and moving to compel arbitration, such as in *Brown v. Dillard's, Inc.*, 430 F.3d 1004 (9th Cir. 2005), cited by Defendant. Defendant is the party which refused to arbitrate, not Plaintiff. The Court finds that Plaintiff's response to Defendant's non-response was not a repudiation of the arbitration provision.

---

[3]     The *Jain* court also held that when an arbitration agreement fails to specify a place for arbitration, Section 4 (9 U.S.C. § 4) is applicable despite Section 208. *Jain*, 51 F.3d at 690.

Finally, Defendant argues that not all claims in this action are subject to arbitration, which is an issue specifically assigned to the arbitrator by the provision in issue: arbitration shall constitute the sole and exclusive means for the settlement of any dispute or controversy . . . including whether or not any such dispute is arbitrable.

## CONCLUSION

For all these reasons, Plaintiff's Motion to Stay and Compel Arbitration is GRANTED, and this action is stayed, pending further Order of the Court. The parties are ordered to arbitrate their disputes, and the case is referred to the Magistrate Judge to implement the process of arbitration in accordance with this opinion and the parties' Agreement.

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE