UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

VISION HEALTHCARE SYSTEMS
(INTERNATIONAL) PTY, LTD.,

    Plaintiff,                                         Civil Action No. 15-CV-175

vs.                                                 HON. BERNARD A. FRIEDMAN

VISION SOFTWARE TECHNOLOGIES, INC.,

    Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO ENTER JUDGMENT ON ARBITRATION AWARD and DENYING DEFENDANT'S MOTION TO VACATE ARBITRATION AWARD**

This matter is presently before the Court on (1) plaintiff's application for entry of arbitration award as final judgment [docket entry 37], and (2) defendant's motion to vacate arbitration award [docket entry 38]. As the issues have been fully briefed, the Court shall decide these motions without a hearing.

This is a business dispute in which plaintiff sued defendant for breach of contract and defendant counterclaimed for breach of contract, misappropriation of trade secrets, and interference with contractual and business relations. The Court ordered the parties to arbitrate pursuant to a provision of their contract stating that "arbitration shall constitute the sole and exclusive means for the settlement of any dispute or controversy concerning this Agreement" and that "[t]he decision of the arbitrator, including the determination of the amount of any damages suffered, if any, shall be conclusive, final, and binding." Compl. Ex. 1 ("Partner Agreement for VST Software") ¶ 22.

After agreeing on an arbitrator, the parties engaged in a four-day arbitration in February 2017. Thereafter, at the arbitrator's request, the parties provided additional information

regarding damages. In June 2017, the arbitrator issued a thorough and thoughtful 27-page decision in which he analyzed all of the parties' claims and arguments. He found that both parties breached their agreement (defendant doing so first), that defendant's non-contractual claims lack merit, and that for the reasons explained in detail in the Damages Calculation section of his decision plaintiff is entitled to $449,097.17 in damages. Both parties filed motions with the arbitrator to alter or amend his decision, with plaintiff seeking additional damages and costs and defendant arguing that plaintiff should be denied any and all recovery. The arbitrator denied both motions in a nine-page decision dated September 11, 2017.

Plaintiff asks that the Court confirm the award and enter judgment thereon. Under section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, the Court must do so "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11." Defendant does not seek modification or correction of the award under § 11, but vacation thereof under § 10. That section of the FAA permits the Court to vacate an arbitration award in only four circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

In the present case, defendant seeks vacation of the arbitrator's decision based on the fourth subparagraph. Specifically, defendant argues that the arbitrator exceeded his powers by misinterpreting or misapplying the parties' contract. The Supreme Court has explained the standards to be applied in assessing such a challenge:

> Under the FAA, courts may vacate an arbitrator's decision "only in very unusual circumstances." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). That limited judicial review, we have explained, "maintain[s] arbitration's essential virtue of resolving disputes straightaway." *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 588, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008). If parties could take "full-bore legal and evidentiary appeals," arbitration would become "merely a prelude to a more cumbersome and time-consuming judicial review process." *Ibid*.
>
> Here, Oxford invokes § 10(a)(4) of the Act, which authorizes a federal court to set aside an arbitral award "where the arbitrator[ ] exceeded [his] powers." A party seeking relief under that provision bears a heavy burden. "It is not enough . . . to show that the [arbitrator] committed an error—or even a serious error." *Stolt–Nielsen*, 559 U.S., at 671, 130 S.Ct. 1758. Because the parties "bargained for the arbitrator's construction of their agreement," an arbitral decision "even arguably construing or applying the contract" must stand, regardless of a court's view of its (de)merits. *Eastern Associated Coal Corp. v. Mine Workers*, 531 U.S. 57, 62, 121 S.Ct. 462, 148 L.Ed.2d 354 (2000) (quoting *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 599, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *Paperworkers v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987); internal quotation marks omitted). Only if "the arbitrator act[s] outside the scope of his contractually delegated authority"—issuing an award that "simply reflect[s] [his] own notions of [economic] justice" rather than "draw[ing] its essence from the contract"—may a court overturn his determination. *Eastern Associated Coal*, 531 U.S., at 62, 121 S.Ct. 462 (quoting *Misco*, 484 U.S., at 38, 108 S.Ct. 364). So the sole question for us is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong.

*Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568-69 (2013) (footnote omitted).

In the present case, defendant argues that the arbitrator misinterpreted or misapplied § 12.3 of the parties' agreement. Defendant repeats the argument it made in arbitration that under § 12.3 defendant "will not be responsible for any claims" if plaintiff commits "a material breach." The arbitrator analyzed this argument at pages 6-7 of his decision and at pages 8-9 of his order denying the parties' cross motions to alter or amend the decision. The arbitrator rejected the argument based on his determination that this provision of the contract does not apply to plaintiff's claim because "[t]he subsections of Section 12.3 make it clear that the limitation is meant to apply only in cases where an unhappy customer sues both [plaintiff] and [defendant] for the services provided by either party under the Agreement." Arb. Decision at 7 n.2.

Even if the arbitrator erred in determining that § 12.3 does not bar plaintiff's claim, the fact remains that he construed and applied the parties' contract, including this provision, in resolving the parties' dispute. Under *Sutter*, this ends the inquiry. Whether the arbitrator erred or not is irrelevant because "the sole question for us is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong." *Id.* at 569. Plainly, the arbitrator did so in this case. It simply cannot be said that the arbitrator ignored the contract and imposed his "own notions of . . . justice." *Paperworkers*, 484 U.S. at 38. Rather, the arbitrator did exactly what the parties asked him to do: he interpreted the parties' agreement and, based on that interpretation (and extensive argument and voluminous evidence), rendered a decision and fashioned an award. Defendant has shown only that the parties' contract could have been interpreted differently, not that the arbitrator neglected to interpret it. In short, defendant has not met its "heavy burden," *Sutter*, 569 U.S. at 569, to show "very unusual circumstances," *Kaplan*, 514 U.S. at 942, that would warrant vacating the arbitrator's decision. In particular, defendant has failed to

demonstrate that the arbitration decision may be vacated on the grounds that the arbitrator "exceeded [his] powers" under 9 U.S.C. § 10(a)(4). Accordingly,

IT IS ORDERED that plaintiff's application for entry of arbitration award as final judgment is granted.

IT IS FURTHER ORDERED that defendant's motion to vacate arbitration award is denied.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE
SITTING BY SPECIAL DESIGNATION

Dated: April 2, 2018
        Detroit, Michigan